IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:10cv028

| | |
|---|---|
| PAMELA LEDFORD MCCLURE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Summary Judgment. [Doc. 13].

## I. PROCEDURAL HISTORY

The Plaintiff Pamela McClure filed an application for a period of disability and disability insurance benefits and Supplemental Security Income on October 5, 2007 alleging that she had become disabled as of July 1, 2004. [Transcript ("T.") 120]. The Plaintiff's application was denied initially and on reconsideration. [T. 66-8, 72-4, 78-81, 84-87, 92-5, 96-9, 101-4,]. A hearing was held before Administrative Law Judge ("ALJ") Ann

G. Paschall on August 18, 2009. [T. 26-48]. On January 15, 2010, the ALJ issued a decision denying the Plaintiff benefits. [T. 11-20]. The Appeals Council accepted additional evidence, but denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-5]. The Plaintiff has exhausted her available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

**II.     STANDARD OF REVIEW**

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, *see* Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if

the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's RFC, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## IV. FACTS AS STATED IN THE RECORD

Facts of record may fairly be summarized as follows:

Plaintiff, who was 45 at the time of her hearing and a high school graduate, alleges that she is disabled by limitations from anxiety and depression; neck, shoulder and lumbar pain; and the effects of chronic interstitial cystitis.

Medical records demonstrate that Plaintiff had minimal treatment for these conditions, most of it coming in the latter portion of the claimed period. Most of her treatment was by way of medications. [T. 425-450,

507-512, 564-78]. She resisted attempts to address her pain by treatment from a pain management specialist instead of by narcotics alone. [T. 507, 564-6]. She had no mental health counseling other than a single visit, and has repeatedly denied any significant limitations from mental impairments because she claims that Xanax and Desperimine controlled her mental health issues adequately. [T. 474-5]. Jerelene Howell, a Licensed Psychological Associate with North Carolina Department of Health and Human Resources Disability Determination Services (DDS), provided an opinion that Plaintiff's mental health limitations prevented her from maintaining employment. This, however, was based on a single consultative evaluation in 2005, and subsequent reviews by non-examining State Agency physicians found no severe impairments. [T. 304-310]. Plaintiff visited a physician only twice during the claim period relating to pain and symptoms from the interstitial cystitis.

The Plaintiff testified about the duration and duties of her past jobs. She had previously worked as a housekeeper, which the vocational expert classified as light and unskilled work. [T. 46]. The ALJ found she could continue to perform that job. As to limitations on her ability to do that work, Plaintiff said that her "back and neck would swell real bad when I would try to do the laundry and change the beds and stuff." [T. 31]. Questioned

5

whether limitations from swelling endured, she indicated that "today it's swelling up some like it hadn't been." [T. 33]. Her current activities of daily living included making her bed, and cooking for 30 minutes. [T. 37].

Plaintiff testified that current limitations included hand problems every two months [T. 34], pain and anxiety that limited driving to 50 miles per week [T. 38], a "mind [that] never shuts down" [T. 40], and stress with bathing [T. 41]. Pain limited her sitting to 20 minutes, standing to 15 minutes, and walking to 20 minutes or more. [T. 42-3]. She treated pain, which she rated as constantly a six on a one-to-ten scale, with taking Lortab daily [T. 34] and Flexeril twice a month. [T. 35]. Interstitial cystitis required her to "stay in the bathroom all the time" after a treatment, which she said occurred approximately every four months. [T. 44].

## V.    THE ALJ'S DECISION

On January 15, 2010, the ALJ issued a decision denying the Plaintiff benefits. [T. 11-20]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff's date last insured was September 30, 2005 and that she had not engaged in any substantial gainful activity since July 1, 2004. [T. 11]. The ALJ then determined the following severe impairments: depression, anxiety, chronic neck, and shoulder and lumbar pain secondary to degenerative changes and scoliosis. [T. 13]. The ALJ

6

concluded that her impairments did not meet or equal a listing. [T. 16]. She then determined that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work, specifically limited to the performance of simple one or two step tasks. [T. 18]. She found that Plaintiff was able to perform her past relevant work as a housekeeper. [T. 20]. Accordingly, she concluded that the Plaintiff was not disabled from July 1, 2004 through the date of his decision. [T. 20].

## VI.  DISCUSSION

### A. The ALJ's assessment of Plaintiff's credibility regarding her subjective symptoms

Plaintiff argues that the ALJ erred in "rejecting Plaintiff's credibility." [Doc. 12 at 14-15]. Plaintiff claims that the ALJ's finding that her "subjective complaints [were] credible and convincing only to the extent that she is limited to light work and restricted to performing simple one or two step tasks/instructions" [T. 19] reflects a failure by the ALJ to consider all of Plaintiff's mental limitations.

The determination of whether a person is disabled by non-exertional symptoms - including mental issues and pain - is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) . . .which could reasonably be expected to produce

7

the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir.1996). If there is such evidence, then the ALJ must then evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects his ability to work." Id. at 595. Specific factors to be evaluated include daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; and other treatment and measures taken for relief of pain or other symptoms. 20 C.F.R. § 416.929(c)(3)(i - vi).

Having found severe impairments that could be expected to produce both pain and limitations on mental work functions [T. 13], the ALJ did not disregard Plaintiff's assertions about them. The ALJ thoroughly discussed Plaintiff's testimony and records of treatment regarding her mental limitations. She noted that Plaintiff claimed that her back problem was her most disabling condition, [T. 15], indicating that Plaintiff's mental limitations were less severe. Plaintiff cites to a 2008 disability report in support of her contention, but in that document it is reported that Plaintiff denied having had or having needed any mental health treatment. This indicates that her symptoms were adequately treated by her primary care physician. [T. 475]. The ALJ noted that this same family physician prescribed

8

Despermine and Xanax, which controlled Plaintiff's symptoms. This physician, however, did not perform a mental status exam. Thus the prescription of these medications indicates little, and provides no objective findings to support Plaintiff's claimed mental limitations. [T. 14, 507-12]. The ALJ noted that Plaintiff had only a single visit for mental health counseling, that in 2006. [T. 14]. She pointed out medical records from late 2008 and 2009 that showed increased anxiety to be due to family problems. [T. 15].

    The ALJ also addressed Plaintiff's testimony and evidence from the treating physician regarding pain and non-exertional symptoms. She compared Plaintiff's testimony about limited daily activities with treatment notes that contradicted it. [T. 17, 18]. She noted a remote history of substance abuse. [T. 14, 308-9]. She identified treatment providers' mild objective findings about the claimed impairments. [T. 19]. All of these support the ALJ's adverse credibility findings. She also noted that Plaintiff only had sporadic treatment for pain during the early years of the claim period, and was non-compliant with recommendations for pain management once she did start treatment. [T. 19] The record indicates that she ceased to visit two different physicians once they recommended ceasing narcotics in favor of other pain management services. [T. 428,

564-5]. Compliance with recommended treatment is a permissible credibility consideration. See McKenney v. Apfel, 38 F.Supp.2d 1249, 1259 (D.Kan. 1999)(citing Hargis v. Sullivan, 945 F.2d 1482, 1490 (10th Cir. 1991)).

Having considered all of this evidence of Plaintiff's subjective symptoms, the ALJ reasonably concluded that Plaintiff's credibility was limited. Giving Plaintiff the benefit of the doubt, the ALJ found that Plaintiff's subjective complaints were credible to the extent supported by other evidence. This determination was more than supported by substantial evidence.

"Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The ALJ's analysis of Plaintiff's mental health issues, pain and other non-exterional symptoms followed applicable law and was supported by substantial evidence. This assignment of error is overruled.

**B.     The ALJ's treatment of the Jerelene Howell opinion**

Plaintiff argues that the ALJ's rejection of the opinion of Jerelene Howell of DDS was reversible error because the ALJ substituted her own

"medical opinion" for the one provided. Plaintiff argues that this was error because Howell's opinion was "ignored" in violation of SSR 96-5p. [Doc. 12 at 17].

Regulations dictate the ALJ's process for evaluating medical source evidence:

> Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion: (1) Examining relationship; (2) Treatment relationship; (i) Length of the treatment relationship and the frequency of examination.(ii) Nature and extent of the treatment relationship.

20 CFR 404.1527(d).

Howell opined that Plaintiff had "significant[ ]" limitations on concentration, persistence and pace, and "noticeably impaired" social functioning such that Plaintiff could not "gain or maintain employment in the foreseeable future." Physical factors, "reportedly the sequelae of" childhood Guillain-Barre syndrome, contributed to that conclusion. [T. 309]. The ALJ properly rejected that opinion. She noted that Howell's reliance on physical factors, which were not within the scope of her specialization, detracted from the opinion. [T. 19]. She noted its inconsistency with the longitudinal record, in which Plaintiff subsequently

denied mental impairments and said that they were controlled by medications. [T. 31, 475-6]. In addition, the opinion was dated four years before the hearing, and Psychiatric Review Techniques performed in 2008 found that Plaintiff has no severe mental impairment. [T. 460-473, 522-535]. One of those even made reference to the Howell opinion. [T. 472]. After the Howell evaluation, Plaintiff obtained no therapy, only getting medications from her primary care physician. His notes show the symptoms to be a situational response to family problems that tapered off after a brother's death. [T. 568, 573, 570]. All of this evidence demonstrates less severe limitations than the Howell opinion indicates.

Plaintiff's argument that the ALJ ignored the Howell opinion is belied by the record. The Howell opinion was considered and simply overwhelmed by contrary evidence. The ALJ did not impose her own "medical opinion" but simply adopted and accepted the creditable evidence that was counter to Howell's report. This is clearly within the law. For these reasons this assignment of error is overruled.

## C. The ALJ's finding that Plaintiff could perform past relevant work

Plaintiff claims that the finding that she could perform past relevant work resulted from two errors. First, the ALJ failed to comply with SSR 82-62's requirement to articulate the mental demands of past work. Second,

12

the ALJ relied on vocational expert (VE) testimony that was based upon an RFC that was different from what the ALJ found to be the Plaintiff's RFC.

SSR 82-62 states:

> Evaluation under sections 404.1520(e) and 416.920(e) of the regulations requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of his or her PRW to determine whether the individual can still do that work. . .
>
> Past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work. . .
>
> [F]or a claim involving a mental/emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.

SSR 82-62 at *2-3.

The decision must contain among its findings, "[a] finding of fact as to the physical and mental demands of the past job/occupation." Id.

The Plaintiff is correct that the ALJ failed to include such findings in her decision. There is no reference to the physical or mental demands of her past work as housekeeper, by the VE or otherwise. [T. 46-7].

> Social Security Ruling 82-62 implicitly recognizes that the agency, with its intimate knowledge of its own procedures and regulations, is in a better position to guide the factual inquiry [as to whether claimant can perform her past relevant work], as relevant to the statute and regulations, after the claimant has met her burden of producing information as to her past work and disability. . . . [Because Social Security proceedings] are not strictly adversarial, . . .*once alerted by the record to the presence of the issue* the ALJ may not rest upon the failure of the claimant to demonstrate that the physical and mental demands of her past relevant work were such that she is unable to perform that type of work. Social Security Ruling 82-62 ordains a shared burden upon the parties. *The claimant must supply sufficient information from which the ALJ may commence a more focused inquiry* through further development of the record, followed by explicit findings as to the physical and mental demands of claimant's past relevant work.

May v. Bowen, 663 F. Supp. 388, 393-94 (D. Me. 1987) (emphasis added).

Because the plaintiff in May had presented evidence that her past jobs "have all been pressure jobs" and that heart condition prohibited stressful work, the court found that she had met her burden of production. The ALJ's ensuing brief inquiry therein and failure to make explicit findings about the physical and mental demands of the work required remand.

In the present case, however, Plaintiff has not met her burden of production. She did not mention the housekeeping job in her initial Work History Report; nor did she detail its physical or mental demands. [T. 221-9]. She listed housekeeping positions in her Form SSA-3368 in her list

14

of jobs held in the 15 years prior to onset, but did not detail the mental or physical demands. [T. 205]. She did not present evidence of the physical and mental demands of these jobs in her hearing testimony; she simply defined housekeeping as "doing rooms." [T. 30-2]. Having been presented with several opportunities to trigger the ALJ's obligation under SSR 82-62 to detail explicitly the demands of Plaintiff's prior work so that her limitations could be evaluated in light thereof, Plaintiff failed to do so. The ALJ's failure to articulate those limitations therefore, was not error. For this reason this assignment of error is overruled.

Plaintiff also assigned error to the ALJ's finding that Plaintiff could perform her past relevant work because the ALJ necessarily relied on the opinion of the VE which opinion was flawed. Plaintiff contends that the RFC relied on by the VE in reaching his conclusion was materially different from what the ALJ found to be the Plaintiff's RFC.

The burden of proof related to this matter was on the Plaintiff. 20 CFR 404.1545(a)(3). She presented no evidence that she was unable to perform her past work. Therefore, the VE's testimony merely restated what Plaintiff had conceded.

In addition, unskilled work can be equated with with a RFC articulating mental limitations to simple one to two step tasks. *See e.g.*

Winschel v. Commissioner of Social Sec., 631 F.3d 1176 (11th Cir. 2011). The Court does not favor such shorthand articulations that muddle distinct functional and vocational concepts. In this case, however, the Plaintiff has articulated no manner in which any difference between unskilled work and a limitation to one or two step tasks would have been material.

For these reasons this assignment of error is overruled.

## VII. CONCLUSION

For the foregoing reasons, the Court concludes that the ALJ applied the correct legal standards, and that there is substantial evidence to support the ALJ's finding of no disability through the date of his decision.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **DENIED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: August 15, 2011

Martin Reidinger
United States District Judge